IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCH FISHLOWITZ, | ) |
| Plaintiff, | ) Case No.: 08 CV 2344 |
| v. | ) Judge Coar |
| GC SERVICES, LIMITED PARTNERSHIP, | ) Magistrate Judge Mason |
| Defendant. | ) |

## ANSWER

Defendant, GC SERVICES LIMITED PARTNERSHIP, ("Defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its answer, states as follows:

### JURISDICTION AND VENUE

1.  Jurisdiction if founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because Defendant resides in this district under 28 U.S.C. §1391.

    ANSWER: Defendant admits that plaintiff's complaint purports to allege a claim pursuant to a federal statute, the FDCPA, and therefore invokes subject matter jurisdiction within this Court. Defendant denies violating the FDCPA. Defendant denies venue is appropriate and denies all remaining allegations contained within this paragraph.

### FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

    ANSWER: Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

**ANSWER:** **Defendant admits that it is a limited partnership that, at times, collects debt. Defendant denies any remaining allegations contained within this paragraph.**

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

**ANSWER:** **Defendant admits that it is a limited partnership that, at times, collects debt. Defendant denies any remaining allegations contained within this paragraph.**

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

**ANSWER:** **Defendant admits it was retained to collect plaintiff's debt. Defendant denies any remaining allegations contained within this paragraph.**

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

**ANSWER:** **Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained within this paragraph.**

9. Between January and February 2008, Defendant telephoned Plaintiff on numerous occasions in an effort to collect the debt.

**ANSWER:** **Defendant admits attempting to collect a debt from plaintiff. Defendant denies that the above paragraph contains a factually accurate description of any**

6352457v1 890364 46121

conduct that occurred and therefore denies all remaining allegations contained within this paragraph.

10. During several of these communications, Plaintiff informed Defendant that Plaintiff was represented by an attorney for bankruptcy and provided the law firm's contact information.

**ANSWER:** **Defendant admits attempting to collect a debt from plaintiff. Defendant denies that the above paragraph contains a factually accurate description of any conduct that occurred and therefore denies all remaining allegations contained within this paragraph.**

11. Despite Plaintiff's notices, Defendant continued to telephone Plaintiff.

**ANSWER:** **Defendant denies the allegations contained within this paragraph.**

12. During many of these communications, Defendant spoke to Plaintiff in an abusive and belligerent manner.

**ANSWER:** **Defendant denies the allegations contained within this paragraph.**

13. On or around February 25, 2008, Defendant again telephoned Plaintiff in an effort to collect the debt.

**ANSWER:** **Defendant admits attempting to collect a debt from plaintiff. Defendant denies that the above paragraph contains a factually accurate description of any conduct that occurred and therefore denies all remaining allegations contained within this paragraph.**

14. During this communication, Plaintiff reiterated that Plaintiff was represented by an attorney and again provided the law firm's contact information.

6352457v1 890364 46121

ANSWER: Defendant admits attempting to collect a debt from plaintiff. Defendant denies that the above paragraph contains a factually accurate description of any conduct that occurred and therefore denies all remaining allegations contained within this paragraph.

15. In response, Defendant exclaimed that Defendant had "no [expletive] time" to access a website and threatened that Defendant would "get the [expletive] money anyway Defendant could."

ANSWER: Defendant denies the allegations contained within this paragraph.

16. Defendant damages Plaintiff emotionally and mentally and had caused substantial anxiety and stress.

ANSWER: Defendant denies the allegations contained within this paragraph.

17. Defendant violated the FDCPA.

ANSWER: Defendant denies the allegations contained within this paragraph.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

18. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

ANSWER: Defendant incorporates its previous responses.

19. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection

ANSWER: Defendant denies the allegations contained within this paragraph.

## COUNT TWO

4

### Violation of the Fair Debt Collection Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** Defendant incorporates its previous responses.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted Plaintiff notwithstanding the fact that Plaintiff told Defendant that Plaintiff was represented by an attorney.

**ANSWER:** Defendant denies the allegations contained within this paragraph.

### COUNT THREE

### Violation of the Fair Debt Collection Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

**ANSWER:** Defendant incorporates its previous responses.

23. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

**ANSWER:** Defendant denies the allegations contained within this paragraph.

### JURY DEMAND

24. Plaintiff demands a trial by jury.

**ANSWER:** Defendant admits that plaintiff's complaint purports to contain a jury demand.

### PRAYER FOR RELIEF

25. Plaintiffs pray for the following relief:

6352457v1 890364 46121

    a.     Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.     For such other legal and/or equitable relief as the Court deems appropriate.

**ANSWER: Defendant admits that plaintiff's complaint seeks judgment. Defendant denies that plaintiff is entitled to any damages, costs, fees and/or other relief, denies violating any law and denies all remaining allegations contained within this paragraph.**

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits; and

2. Awarding defendant such other and further relief as the Court deems just and equitable.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S FIRST AMENDED COMPLAINT**

Defendant, GC SERVICES, LP, ("defendant"), by its attorneys, David M. Schultz and Todd P. Stelter, for its Affirmative Defenses to plaintiff's complaint, states as follows:

### FIRST DEFENSE

Plaintiff's complaint fails to state a claim and/or cause of action upon which relief may be granted.

### SECOND DEFENSE

6

Any violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, if applicable, which defendant denies, was not intentional and was the result of a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

**WHEREFORE,** defendant prays for an order and judgment of this Court in its favor against plaintiff as follows:

1. Dismissing all causes of action against defendant with prejudice and on the merits; and

2. Awarding defendant such other and further relief as the Court deems just and equitable.

Respectfully submitted,

By:_____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

6352457v1 890364 46121

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MITCH FISHLOWITZ, | ) |
| Plaintiff, | ) Case No.: 08 CV 2344 |
| v. | ) Judge Coar |
| GC SERVICES, LIMITED PARTNERSHIP, | ) Magistrate Judge Mason |
| Defendant. | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on August 18, 2008, I electronically filed **ANSWER & AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT** with the Clerk of the Court using the CM/ECF system which will send notification of such filing(s) to the following:

**Jeffrey S. Hyslip**
jsh@legalhelpers.com

Respectfully submitted,

By:____s/Todd P. Stelter_____

David M. Schultz
Todd P. Stelter
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Ste 300
Chicago, IL 60601
(312) 704-3000

8

6352457v1 890364 46121